# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel ALICE M. ROOSA**
**United States Army, Appellant**

ARMY 20100879

Headquarters, Military District of Washington
Denise R. Lind, Military Judge
Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (on brief); Captain Susrut A. Carpenter, JA.

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

30 April 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

MARTIN, Judge:

A general court-martial composed of officer members convicted appellant, contrary to her pleas, of four specifications of false official statement, one specification of larceny, one specification of submitting a false or fraudulent claim, and two specifications of conduct unbecoming an officer and a gentlewoman, in violation of Articles 107, 121, 132, and 133 Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 932, 933 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a dismissal, confinement for thirty days, a fine of $100,000.00, and to serve additional confinement of thirty days if the fine was not paid.  The convening authority disapproved the additional thirty days of confinement, and otherwise approved the adjudged sentence.

This case is before our court for review under Article 66, UCMJ.  We have considered the entire record, including the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), as well as the three assignments of error, and conclude that one assignment of error warrants discussion and relief.

## BACKGROUND

Appellant, a mobilized reservist, assumed duties at the Army Operations Center of the Pentagon in 2004, and over the course of the following two years, stole thousands of dollars from the United States by submitting fraudulent travel vouchers that reflected inflated lodging expenses. To perpetrate her scheme, appellant fabricated lease agreements from a fictitious company. In order to make the company appear legitimate, appellant used the home address of a friend as the mailing address of the company, and used an unwitting civilian co-worker as a "manager" of the fake company. Several years later, when Defense Finance and Accounting Office (DFAS) attempted to recoup the payments, she made false statements in an attempt to cover up the plan.

Appellant's actions to collect unauthorized monies she was not entitled to led to the following charges: two specifications of false official statement for signing travel vouchers, Dep't of Def., Form 1351-2, Travel Voucher or Subvoucher (May 2011), and false lease agreements, in violation of Article 107, UCMJ; one specification of larceny of over $500.00 on divers occasions, in violation of Article 121, UCMJ; one specification of making false and fraudulent claims of over $500.00 to the United States on divers occasions, in violation of Article 132, UCMJ; and one specification of conduct unbecoming an officer and a gentlewoman, in violation of Article 133, UCMJ, for using the name, signature, and address of her civilian co-worker, without her consent.

When DFAS notified appellant of their intent to recoup the payments, she made false official statements to DFAS, and provided false and misleading information to her commander, who provided a letter of support urging DFAS to remit the debt against appellant. Appellant was charged with two specifications of false official statement for her statements to DFAS, in violation of Article 107, UCMJ, and an additional specification of conduct unbecoming an officer and a gentlewoman, in violation of Article 133, UCMJ for providing false and misleading information to her commander in order to obtain a letter of support for the remittance action.

Before trial, appellant's defense counsel moved to dismiss the false and fraudulent claim charge in violation of Article 132, UCMJ, as being multiplicious with the Article 133, UCMJ, specification alleging appellant used the name, signature, and address of her civilian co-worker, without her knowledge or consent. The military judge, applying the elements test, found the false claim was not a lesser-included offense of the conduct-unbecoming charge and therefore denied the motion.

Appellant's defense counsel also moved for relief based on an unreasonable multiplication of charges for sentencing. Defense counsel asked that the larceny charge, the false-claim charge, and the conduct-unbecoming charge relating to the

2

use of the co-worker's personal information, all be merged for sentencing. The military judge ruled that while several of the charges and specifications were unreasonably multiplied[1] and adjusted the maximum punishment accordingly, she ruled the false-official-statement specifications, the larceny charge, and the false-claim charge should not be merged for sentencing.[2]

## LAW AND DISCUSSION

Appellate defense counsel now assert that Specifications 1 and 2 of Charge I (false official statements for the voucher and the lease agreements), Charge II (larceny), Charge III (false and fraudulent claim), and Specifications 1 and 2 of Charge IV (conduct unbecoming), constitute an unreasonable multiplication of charges and urge us to set aside all but the larceny charge. Pursuant to Rule for Courts–Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." This principle is well established in military law. *See, e.g.*, *United States v. Redenius*, 4 U.S.C.M.A. 161, 15 C.M.R. 161 (1954). We consider five factors to determine whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;

---

[1] At trial, the military judge found Specification 2 of Charge I and Specification 2 of Charge IV, were unreasonably multiplied and merged the offenses for purposes of sentencing. Likewise, she found Specifications 3 and 4 of Charge I, and Specification 1 of Charge IV were unreasonably multiplied, and merged the offenses for purposes of sentencing. These rulings reduced the maximum sentence to confinement from thirty-two years to twenty-five years.

[2] In her ruling, the military judge actually used the term "multiplicious for sentencing." We note this case was decided before *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2013), where our superior court clarified that "there is only one form of multiplicity . . . if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well." Consequently, we will consider the military judge's ruling as one finding an unreasonable multiplication of charges for sentencing.

     (3)  Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

     (4)  Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

     (5)  Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

When we apply the *Quiroz* factors to the particulars of this case, many of our determinations are close calls, but factors one, three, four, and five generally favor the government. Nonetheless, we find the second *Quiroz* factor to be dispositive in resolving appellant's claim. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief). While some of the charges are distinct, not all of them are aimed at separate criminal acts. Beginning with those offenses that are aimed at distinct criminal acts, we find appellant's larceny is separate and distinct from her false claim, as collecting unauthorized funds from the United States requires a specific intent to permanently deprive, while "making a false and fraudulent claim is a specific-knowledge offense." *United States v. Groves*, 23 M.J. 374, 375 (C.M.A. 1987). Additionally, the conduct addressed in Charge IV, was distinct from the conduct alleged in Charges I, II, and III—the first specification of Charge IV went to appellant's activities when faced with the DFAS recoupment action and the second specification focused on appellant's unauthorized use of her co-worker's name, address, and signature. Although the use of her co-worker's personal information formed part of the foundation for the false claim, this specification addressed the separate act of involving an unwitting partner in a criminal enterprise, and therefore reflects a distinct set of activities. However, we find that two of the false-official-statement specifications (Specifications 1 and 2 of Charge I) are aimed at the same criminal acts as those contained in the false-claim charge (Charge III). These two false official statement charges address the very same fraudulent documents that were the basis of the false claim. Furthermore, the false-claim charge expressly references the vouchers which contained those documents in the language of the specification. Accordingly, we find Specifications 1 and 2 of Charge I constitute an unreasonable multiplication of charges with the Specification of Charge III.

**CONCLUSION**

The findings of guilty of Specifications 1 and 2 of Charge I are set aside. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court